**PAN AMERICAN SEAFOOD, INC., Plaintiff,**

v.

**UNITED STATES LINES, INC., Defendant.**

**No. 76 Civ. 1778 (VLB).**

United States District Court, S. D. New York.

Jan. 26, 1977.

Kane, Kessler, Proujansky, Preiss & Permutt, P. C., New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff shipped goods by defendant carrier from Panama to New York. The goods

**14**

had been packed in cartons by the plaintiff: the cartons were then loaded into a container, which was sealed in Panama by representatives of both plaintiff and defendant. The complaint alleges that fewer goods were received at plaintiff's New York warehouse than were shipped by it from Panama. Plaintiff seeks the value of the missing goods, claiming a) that defendant was negligent, and alternatively b) that defendant is liable to it for the value of the lost goods pursuant to the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300, *et seq.*

Plaintiff has moved for summary judgment, and defendant has cross-claimed for summary judgment. The motion and cross-claim also encompass a second shipment alleged in the complaint with respect to which substantially the same facts obtained.

There is no genuine issue of material fact with respect to either shipment. With respect to each, cartons of frozen seafood were counted by representatives of plaintiff and defendant and placed into a container in Panama, and the container was sealed. The container was shipped to New York, where it arrived with the seals intact. At dockside the container was loaded upon a truck of the plaintiff and brought to Customs for inspection. The Customs inspector in the presence of representatives of both plaintiff and defendant broke one seal on the container, examined the contents, and resealed the container. Plaintiff's trucker then transported the container to plaintiff's warehouse.

There is no evidence that the seals were tampered with, and plaintiff concedes that the seals were intact when the container arrived at its warehouse. There, according to the plaintiff, the shortage was discovered.

Defendant carrier delivered, with respect to each of the two shipments, precisely what it received, which was a sealed container. There was thus no negligence by the defendant, and no loss of goods established by plaintiff.

Defendant's cross-claim for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

SO ORDERED.